### NOONAN *v.* MECHANICS' & TRADERS' BANK.

*(Common Pleas of New York City and County, General Term.  June 6, 1892.)*

ASSIGNMENT—RIGHT TO ACCOUNTING.

> Where a person, who has a contract with a city, assigns the money which is to become due thereunder to several persons as collateral security, and the latter, with the consent of the assignor, assign their respective interests to another, who as coplaintiff with the assignor obtains from the city what is due under the contract, the assignor has a claim for an accounting only against the assignee last mentioned for the balance remaining after payment of the other assignees, and not against the said other assignees. 17 N. Y. Supp. 845, reversed.

Appeal from city court, general term.

Action by Michael Noonan against the Mechanics' & Traders' Bank for an accounting. From a judgment of the general term affirming a judgment entered upon a verdict of the jury directed by the court in favor of the plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Thomas J. McKee*, for appellant. *Kellogg, Rose & Smith*, ( *L. Laflin Kellogg*, of counsel,) for respondent.

DALY, C. J.    The plaintiff, Michael Noonan, having a contract, dated October 24, 1878, with the mayor, aldermen, and commonalty of the city of New York, for regulating and grading, curbing and flagging, the Eleventh avenue boulevard from 155th street to Kingsbridge, and for the construction of sewers, etc., made an assignment on August 22, 1879, to the Mechanics' & Traders' National Bank (to whose rights and obligations this defendant, the Mechanics' & Traders' Bank, of the city of New York, has succeeded) of all the moneys due and to grow due under said contract, as collateral security; and this action is brought to recover from the defendant the sum of $1,040, with interest from May 4, 1884, alleged to have been collected and retained by the bank under such assignment in excess of the sum which it was intended to secure.   It appears that the plaintiff, Noonan, had previously, on May 3, 1879, made an assignment of the same moneys to John H. Strahan, and in the years 1880, 1881, and 1884, he assigned part of the same moneys payable under the contract to several other persons.   All the assignees afterwards assigned their respective interests in the fund to one McKee, who thereupon, as coplaintiff with Noonan, brought an action in the supreme court against the mayor, aldermen, and commonalty, to recover the balance due under said contract, compensation for extra work, and damages.   Judgment was recovered in that action against the city for the whole amount claimed, viz., $126,221.98, principal, interest, and costs, and under the provisions of the judgment that amount was paid to McKee, who was adjudged entitled to receive it as assignee and sole owner and holder of the cause or causes of action.   McKee paid to each of the parties to whom plaintiff had assigned as aforesaid the amounts to which they were respectively entitled; among others, paying to the Mechanics' & Traders' Bank $21,299.48, the exact sum due them, and no more.   After all such payments, there was $1,000 left, and McKee retained it; and it is that sum for which Noonan now sues the bank.

It would seem from the mere statement of the facts that the claim of the plaintiff is against McKee, and that he has no cause of action against the bank.   If the latter, under the assignment originally made to it by Noonan, were obliged to account to him, the subsequent transfer by it to McKee of all its right, title, and interest, which transfer was made with Noonan's knowledge and assent, relieves it from any such obligation.   The knowledge and assent of Noonan appears, among other proofs, by his letter of directions to McKee, dated February 12, 1884, directing him how to dispose of the fund after paying the claim of the bank; by his joining McKee as coplaintiff with himself in the action against the city. claiming that McKee, as assignee of Strahan of all the causes of action, was vested with the title to all the sums due; and by the judgment in their joint action, by virtue of which McKee collected such sums, which judgment, if not conclusive upon the plaintiff, is the fullest ratification of the substitution of the latter in place of the bank or of Strahan as assignee of the whole fund.   Plaintiff seeks to hold the defendant liable upon the theory that McKee was its agent to collect the moneys under the several assignments.   If such agency were established the action, of course, would be maintainable; but there is nothing in the case to show agency.   On the contrary the plaintiff, in the letter of instructions to McKee, above referred to, treats him as the assignee, trustee, or depositary of the whole fund, and not as the agent of the bank, and specifically states what sum he is to pay the latter, viz., $20,665.91, as "the claim of the bank" on four notes signed or indorsed by him.   This is wholly inconsistent with the claim now made, that McKee was bound to account to the bank for the whole sum collected under the judgment, $126,979.30, and that the bank is to account to the plaintiff therefor.   The judgment should be reversed, and a new trial ordered, with costs to the defendant to abide the event of the action.

All concur.